UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TIMOTHY RAY ALEXANDER, #81935-083**

Petitioner,

v.                                                             Case No. 2:19-cv-417

**JUSTIN ANDREWS, Warden**[1]

Respondent.

## REPORT AND RECOMMENDATION

Petitioner Timothy Ray Alexander ("Petitioner") is a federal inmate currently incarcerated at Federal Correctional Complex Petersburg. This Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 arises out of a disciplinary proceeding that resulted in, among other things, a loss of forty-one days of good conduct time ("GCT"). Petitioner alleges that (1) the Federal Bureau of Prisons ("BOP") violated his rights by failing to provide him with a copy of the Discipline Hearing Officer ("DHO") report in a timely fashion after the proceedings against him; and (2) the incident report contains inconsistencies regarding the date and time of the charged offense. He seeks expungement of the incident report at issue and restoration of the GCT. Respondent filed a Motion to Dismiss with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 4-6.) Petitioner did not file a response, and the time to do so has now expired. The matter is therefore ripe for review.

---

[1] Since the filing of this Petition, Justin Andrews has been appointed warden of FCC Petersburg and thus should be automatically substituted as Respondent in this matter. See Fed. R. Civ. P. 25(d); (ECF No. 7, at 1 n.1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motion to the undersigned for a report and recommendation. For the reasons that follow, the undersigned concludes that Petitioner has not exhausted all administrative remedies and thus recommends that the court GRANT Respondent's Motion and DISMISS the Petition WITHOUT PREJUDICE.

## I. Statement of the Case

### A. Overview of the BOP Inmate Disciplinary Process

The Federal Bureau of Prisons has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1 et. seq., 542.10 et. seq.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within twenty-four hours of the incident. The incident report contains a written description of the charges against the inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee ("UDC") for an initial hearing. § 541.5(b).

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. § 541.7.

2

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided an opportunity to designate a staff representative for assistance at the hearing. Inmates may also provide the names of witness they wish to have called and what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and present documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. § 541.8(i).

The CFR does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." § 541.8(h). The associated implementing instructions in the Program Statement for the Inmate Discipline Program say that the DHO provides the inmate with a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09, at 34.

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). Such appeals must be "accompanied by one complete copy or duplicate original of the institution Request and response." 28 C.F.R. § 542.15(b)(1). A petitioner has twenty days following receipt of the DHO report to submit a Regional Appeal. Taylor v. Ormond, No. 2:18-cv-248, 2019 WL 4198628, at *4 (E.D. Va. June 6, 2019) (citing § 542.15(a)), R & R adopted, 2019 WL 4195341 (E.D. Va. Sept. 4, 2019).

3

An inmate may then appeal the Regional Office decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response." § 542.15(a). The General Counsel is the highest level of administrative appeal. § 542.15(a).

**B.    Factual Background**

On February 13, 2019, Petitioner was issued an incident report charging him with violation of BOP disciplinary code 112 (use of drugs or alcohol). Incident Report (ECF No. 1, at 12);[2] Resp't's Mem. Supp. Mot. to Dismiss ("Resp't's Mem.") 2 (ECF No. 5). According to the incident report, on February 12, 2019, prison staff observed Petitioner lying on the floor, shouting profanities, and acting strangely. Incident Report (ECF No. 1, at 12). He was noncompliant with staff instructions. Believing that Petitioner was under the influence of drugs, staff asked Petitioner what he had taken. Id. Petitioner responded, "Something good!" Id. According to the report, Petitioner was not then taking any approved medication or suffering from any psychological condition that would result in the observed behavior. Id.

On March 25, 2019, after conducting a DHO hearing, prison officials disciplined Petitioner by depriving him of forty-one days of GCT and nine months of visitation, commissary, computer, and phone privileges. Pet. 3 (ECF No. 1, at 2). Petitioner did not immediately receive a copy of the DHO report. Petitioner filed an administrative remedy appeal with the Mid-Atlantic Regional Office on May 27, 2019, arguing that the incident report contained internal inconsistencies regarding the date and time of the incident, giving rise to improper notice of the charge. Reg'l Admin. Remedy Appeal (ECF No. 1, at 10). As a result, Petitioner sought to have his GCT and

---

[2] The court may consider the incident report attached to the Petition without converting the motion into one for summary judgment because it is integral to Petitioner's claims, explicitly referenced in his Petition, and its authenticity is not in dispute. See Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 587, 606-07 (4th Cir. 2016).

4

privileges restored. Id. Petitioner did not indicate in his appeal that he had not received a copy of the DHO report. Id.

The Administrative Remedy Coordinator rejected the appeal on June 11, 2019, noting that Petitioner did not provide a copy of the DHO report or identify the charges and date of the DHO action. Rejection Notice – Admin. Remedy (ECF No. 1, at 11). However, the rejection notice also advised Petitioner that he could resubmit his appeal "in proper form within 10 days." Id. Petitioner did not resubmit the appeal, Pet. 3-4 (ECF No. 1, at 2-3), and the record does not indicate that he took any other administrative action, including requesting a copy of the DHO report. Instead, he filed this Petition on June 26, 2019. Pet. 10 (ECF No. 1, at 9).

In his brief, Respondent noted that as of the date of his Motion to Dismiss, October 28, 2019, BOP records indicated that Petitioner still had not received a copy of the DHO report "because it has not yet been completed." Resp't's Mem. 3. However, on January 15, 2020, Respondent filed a notice stating that Petitioner received the DHO report on January 14, 2020. (ECF No. 7.)

The present petition includes two grounds for relief. Ground one charges the DHO with failing to provide a copy of the DHO report in violation of 28 C.F.R. § 541.8(h), resulting in the rejection of his appeal by the Mid-Atlantic Regional Office. Pet. 7-8 (ECF No. 1, at 6-7). Ground two recites the basis for the underlying administrative appeal – inconsistencies within the incident report related to the date and time of the charged offense. Pet. 8 (ECF No. 1, at 7). Respondent advances two grounds as to why the court should dismiss the petition. First, Respondent contends that Petitioner has failed to exhaust all administrative remedies because Petitioner did not resubmit the Regional Appeal in proper form by identifying the charge and DHO hearing date. Resp't's Mem. 9-10. Second, Respondent argues that despite Petitioner not receiving a copy of the DHO

5

report, Petitioner cannot make out a due process violation because his nonreceipt has not resulted in any prejudice. Id. at 10-11. According to Respondent, "Petitioner may continue exhausting his administrative remedies by appealing the DHO's decision once he receives the DHO report." Id. at 11.

Because Petitioner has failed to exhaust all administrative remedies, this report recommends that the court grant Respondent's Motion to Dismiss.

## II. Analysis

In his § 2241 petition, Petitioner alleges that he was deprived of forty-one total days of earned GCT in violation of his Fifth Amendment right to due process. Because this deprivation would have the functional effect of extending Petitioner's time of imprisonment, it is a cognizable claim under § 2241. See Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (unpublished per curiam opinion); see also Preiser v. Rodriguez, 411 U.S. 457, 500 (1973). A prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the . . . right is not arbitrarily abrogated." Id.

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam opinion); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects 'administrative agency authority.'" Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes

adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Exactly what a prisoner must do to exhaust administrative remedies in the § 2241 context is not entirely clear. In Woodford, the Supreme Court held that the exhaustion requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), required "proper exhaustion" – that is, "compliance with an agency's deadlines and other critical procedural rules." 548 U.S. at 90-93. That statute does not specifically encompass § 2241 claims. See 18 U.S.C. § 1997e(a) (imposing procedural requirements on actions "brought with respect to prison conditions" (emphasis added)); Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Smith v. Angelone, 111 F.3d 1126, 1129-30 (4th Cir. 1997); Fisher v. Johns, No. 5:11-hc-2128, 2012 WL 3266910, at *1 (E.D.N.C. Aug. 9, 2012). However, the policies favoring exhaustion are unchanged whether the requirement is statutory or judicially imposed. Only proper exhaustion effectively advances those policies. See Woodford, 548 U.S. at 90-91. Accordingly, courts generally evaluate exhaustion by § 2241 petitioners by reference to the Woodford requirements. See, e.g., Long v. Wilson, No. 3:11-cv-602, 2012 WL 1957814, at *3 (E.D. Va. May 30, 2012); cf. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632-33 (2d Cir. 2001) (discussing cause and prejudice standard applicable when a prisoner "has not fully pursued his state remedies"). However, because the exhaustion requirement in § 2241 is judicially imposed, courts may also excuse it when pursuit of administrative remedies would be futile. Hrycuna v. Ormond, No. 2:18-cv-246, 2019 WL 1304250, at *4 (E.D. Va. Feb. 19, 2019) (citing Larue v. Adams, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. June 12, 2006)).

Accepting that § 2241's exhaustion requirement demands compliance with agency procedures to whatever extent possible, Petitioner has not done so. Here, Petitioner submitted an appeal to the regional office before receiving the DHO report. The Administrative Remedy Coordinator rejected the appeal because Petitioner did not include a copy of the DHO report "or identify the charges and date of the DHO action." Rejection Notice – Admin. Remedy (ECF No. 1, at 11) (emphasis added). Nonetheless, the Administrative Remedy Coordinator provided Petitioner ten days to resubmit the appeal "in proper form." Id. The language of the rejection notice indicates that Petitioner could have resubmitted the appeal in proper form even without a copy of the DHO report so long as he identified the charges and date of the DHO action.[3] Id.; see also Custard v. Oliver, No. 15–cv–01198, 2015 WL 9185746, at *4 (D. Colo. Dec. 17, 2015) (recognizing that "the BOP has not consistently recognized a requirement that a prisoner must submit a copy of the DHO report in conjunction with an appeal of a prison disciplinary proceeding"). Petitioner never resubmitted an appeal, nor did he ever inform the Administrative Remedy Coordinator that he had not yet received a copy of the DHO report. Tucker v. Helbig, No. 8:13-cv-00401, 2013 WL 6288674, at *9 (D.S.C. Dec. 4, 2013) ("When a prison official

---

[3] Respondent cites a few out-of-circuit cases for the proposition that federal regulations do not require a DHO report as a prerequisite to filing an administrative appeal to the regional director. Resp't's Mem. 9 n.2 (citing Griffin v. Ebbert, 640 F. App'x 181, 184 (3d Cir. 2016) (per curiam); Pinson v. Berkebile, 528 F. App'x 822, 827 (10th Cir. 2013); Moneyham v. Ives, No. 3:15-cv-01551, 2018 WL 3214261, at *4 (M.D. Pa. Apr. 4, 2018)). In so holding, however, those cases relied on a federal regulation – 28 C.F.R. § 541.19 – no longer in effect. See Griffin, 640 F. App'x at 184; Pinson, 528 F. App'x at 827; Moneyham, 2018 WL 3214261, at *4 (citing Griffin and Pinson to support holding that regulations "do not require the receipt of a DHO report as a precondition to filing an administrative appeal"); see also Perotti v. Holt, 483 F. App'x 272, 275 (7th Cir. 2012) (noting repeal of 28 C.F.R. § 541.19). The language of the expired regulation mirrored the wording of the Administrative Remedy Coordinator's offer to permit Petitioner to resubmit an appeal without the DHO report by identifying the charge and date of the DHO action. The regulations in their current form require a copy of the "institution Request and response" but do not mention the DHO report by name. 28 C.F.R. § 542.15(b)(1).

returns a prisoner's appeal because it is deficient and directs the prisoner to remedy the deficiency and resubmit the appeal, if the prisoner fails to do so the prison administrative remedy process was not properly completed."), aff'd, 566 F. App'x 268 (4th Cir. 2014) (unpublished per curiam opinion).

Petitioner has now received the DHO report, which advised him of his right to file an appeal within twenty calendar days. DHO Report (ECF No. 7-1, at 5). Because Petitioner is now free to resubmit a Regional Appeal by February 3, 2020, he has not exhausted his administrative remedies. See Staples v. Chester, 370 F. App'x 925, 930 (10th Cir. 2010) ("[The petitioner] was free to re-file the appeal once he did receive a copy of the DHO's decision."); see also Taylor, 2019 WL 4198628, at *6 (holding that the petitioner, who filed a Regional Appeal before receipt of the DHO, failed to exhaust because he did not refile a Regional Appeal within twenty days of receiving the DHO report).

Furthermore, that Petitioner received the DHO report nearly ten months after the DHO hearing, as opposed to within fifteen working days as prescribed in BOP Program Statement 5270.09, does not alleviate the exhaustion requirement. As noted, courts may excuse exhaustion in these circumstances when pursuit of administrative remedies would be futile. Hrycuna v. Ormond, 2019 WL 1304250, at *4. Here, however, the DHO's ten month-delay in furnishing the report to Petitioner does not in itself demonstrate futility. Indeed, according to the BOP inmate locater, Petitioner's projected release date is not until February 6, 2023. Petitioner has ample time to utilize the BOP's administrative remedy scheme. See Strouse v. Wilson, No. 3:12-cv-653, 2014 WL 843276, at *5 n.5 (E.D. Va. Mar. 4, 2014) ("Because [the petitioner] has so much time left to serve, the two-month delay in providing him with the DHO Report failed to render pursuit of the

9

administrative remedy process futile."), aff'd, 575 F. App'x 115 (4th Cir. 2014) (unpublished per curiam opinion). Thus, Petitioner should not be excused from the exhaustion requirement.

Because the undersigned concludes that Petitioner has failed to properly exhaust all administrative remedies, the undersigned does not address Respondent's alternative theory that Petitioner cannot demonstrate a due process violation.

### Conclusion

Because Petitioner has failed to exhaust all administrative remedies and cannot demonstrate prejudice to excuse such failure, this report recommends that the court GRANT Respondent's Motion to Dismiss, (ECF No. 4), and DISMISS Petitioner's Petition WITHOUT PREJUDICE, (ECF No. 1).

### Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits and extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 16, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Timothy Ray Alexander**
No. 81935-083
FCC Petersburg (Medium)
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Jennifer Elle Flurry**
Assistant United States Attorney
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By ____E. Price_____
Deputy Clerk

____January 16,____, 2020